# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7781 | **DATE** | 5/20/2004 |
| **CASE TITLE** | Brown, Jr. vs. State of Illinois, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion to dismiss the amended complaint. Accordingly, this action in its entirety is hereby dismissed. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 41 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/20/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

EUGENE W. BROWN JR., )
)
      Plaintiff, )
)
v. ) No. 02 C 7781
)
STATE OF ILLINOIS DEPARTMENT OF )
PUBLIC AID and KAREN LEWIS- )
SANGSTER, SHARON MARKETTE- )
MALONE, THOMAS HARLSON, IRIS )
ROMAN, SUE JASON, ANN JESKY, )
ROBERT LYONS, NANCY WOODWARD, )
RAVEN KNIGHTEN, ANN PATLA, )
JACKIE GARNER, GEORGE RYAN, )
BARRY MARAM, JAMES RYAN, LISA )
MADIGAN, BRADLEY TUSK, and )
ZALDWAYNAKA SCOTT, in their )
individual capacities, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Eugene Brown, an African-American male, alleges discrimination on the basis of his sex, retaliation, and constructive discharge in violation of Title VII, 42 U.S.C. § 2000e et seq., on the part of all defendants.[1] Mr. Brown also claims violations of his First Amendment and equal protection rights under 42 U.S.C. § 1983. Defendants include the State of Illinois

---

[1] Mr. Brown also purports to allege violations of 42 U.S.C. § 1981. Mr. Brown makes no allegations of race discrimination, only sex discrimination. His claims are therefore properly brought under 42 U.S.C. § 2000e et seq., not 42 U.S.C. § 1981. St. Louis v. Alverno College, 744 F.2d 1314, 1317 (7th Cir. 1984).

41

Department of Public Aid ("IDPA") as well as the following individuals, all of whom were either employees of that department or otherwise government officials: Karen Lewis-Sangster, Sharon Markette-Malone, Thomas Harlson, Iris Roman, Sue Jason, Anne Jesky, Robert Lyons, Nancy Woodward, Raven Knighten, Ann Patla, Jackie Garner, George Ryan, Barry Maram, James Ryan, Lisa Madigan, Bradley Tusk, and Zaldwaynaka Scott. All defendants now move to dismiss this complaint in its entirety. I GRANT that motion.

Mr. Brown was employed with defendant IDPA from July 1998 until his termination on September 12, 2001. He alleges that he was an employee in good standing until his immediate supervisor, Ms. Lewis-Sangster, asked Mr. Brown to accompany her daughter to her prom. Mr. Brown declined. He alleges that Ms. Lewis-Sangster then retaliated against him in a number of ways, including spreading false rumors of a sexual nature about him, repeatedly taking disciplinary action against him, and changing his job duties. Mr. Brown complained of these actions repeatedly, first to IDPA administrators and later to other state government officials, including then-Governor Ryan, then-Attorney General Ryan, Attorney General Madigan, Deputy Governor Tusk, and Inspector General Scott. Mr. Brown was suspended from his position on September 4, 2001, and was terminated on September 12, 2001. Mr. Brown was also denied unemployment benefits.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and draw all reasonable inferences in favor of the plaintiff. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

I.

Mr. Brown alleges Title VII violations against Ms. Lewis-Sangster, Ms. Markette-Malone, Mr. Harlson, Ms. Roman, Ms. Jason, Ms. Jesky, Mr. Lyons, Ms. Woodward, Ms. Knighten, Ms. Patla, Ms. Garner, and Mr. George Ryan (collectively, "the original defendants"). This represents Mr. Brown's second attempt to allege these particular violations. Mr. Brown filed a complaint with that letter on January 28, 2002, before Judge Conlon. That complaint was dismissed on May 1, 2002. Judge Conlon found that the original defendants were not proper parties, regardless of the capacity in which they were being sued. *Brown v. State of Illinois, et al.*, No. 02-C-699 (May 1, 2002).

The doctrine of *res judicata* serves to bar an action where: "(1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies." *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). This claim clearly meets the second and third requirements: Mr. Brown again alleges Title VII violations and the original defendants are

3

again named as defendants. The first requirement is also met. "The test for finality is not whether the suit is dismissed with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground ... [t]he test is whether the district court has finished with the case." *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). Judge Conlon's order of May 1, 2002, indicates that the court has finished with the case, dismissing it entirely. *Res judicata* bars Mr. Brown's Title VII allegations as against the original defendants. I grant the motion to dismiss with respect to those allegations.

II.

Mr. Brown also alleges violations under Title VII against the IDPA as well as against Mr. Maram, Mr. James Ryan, Ms. Madigan, Mr. Tusk, and Ms. Scott (collectively, "the new defendants"). A complaint alleging violations of Title VII must be filed no more than 90 days after the plaintiff receives a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001); 42 U.S.C. § 2000e-5(f)(1). Mr. Brown was issued a right-to-sue letter on October 29, 2001. As noted above, he filed a complaint with that letter on January 28, 2002, before Judge Conlon. That complaint was dismissed on May 1, 2002. The 90-day time limit was unaffected by that complaint, as it was dismissed

4

without prejudice. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

Mr. Brown then filed a new complaint, using the same right-to-sue letter, before this court on October 29, 2002. This complaint was filed nearly a year after Mr. Brown received his letter from the EEOC, well past the 90-day limit. Despite Mr. Brown's *pro se* status, the time limit is not flexible and the delay is fatal to his claim. *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) (Alesia, J.). While the doctrine of equitable tolling may apply to the time limit, it "is reserved for situations in which the claimant 'has made a good faith error ... or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill*, 269 F.3d at 850. Mr. Brown makes no argument that can be construed as the extraordinary circumstances needed to grant such tolling. I grant the motion to dismiss with respect to the Title VII allegations against the new defendants.[2]

III.

Mr. Brown finally alleges violations of his First Amendment and equal protection rights under 42 U.S.C. § 1983. With respect to his First Amendment claim, Mr. Brown alleges that he was

---

[2] Even if the doctrine of *res judicata* and the 90-day time limit did not bar Mr. Brown's Title VII claims, those claims would still fail against all individual defendants. Title VII only provides for actions against "employers," and supervisors sued in their individual capacities are not employers. *See, e.g., Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995).

5

suspended, terminated, and denied unemployment benefits because of his original and amended EEOC charges. The initial inquiry, when determining whether a government employee has been wrongfully deprived of his right to freedom of speech, is whether he was speaking on matters of public concern. *Gray v. Lacke*, 885 F.2d 399, 410 (7th Cir. 1989). This inquiry examines the "content, form, and context of a given statement." *Id.* Mr. Brown's EEOC filings are the speech in question. In those filings, Mr. Brown complains of discrimination specific to him. He makes no attempt to claim systematic discrimination against a class of employees, nor to seek relief for such a class. Mr. Brown's EEOC filings therefore touched on a private, not public, matter. *See, e.g., Kessel v. Cook County*, No. 00-C3980, 2001 WL 826914, at *5 (N.D. Ill. Jul. 12, 2001) (Gottschall, J.). I grant the motion to dismiss with respect to Mr. Brown's First Amendment claims.

With respect to his equal protection claim, Mr. Brown alleges that various state actors, from Ms. Lewis-Sangster's supervisors to the former governor, failed to properly resolve his claims of sex discrimination because he is male. To state an equal protection claim under § 1983, Mr. Brown must demonstrate that (1) he is a member of a protected class, (2) he was similarly situated to individuals not of the protected class, (3) he was treated differently than those similarly-situated individuals, and (4) those who treated him differently acted with discriminatory intent.

6

*Guy v. State of Illinois*, 958 F. Supp. 1300, 1307 (N.D. Ill. 1997) (Leinenweber, J.) (citing *Johnson v. City of Fort Wayne*, 91 F.3d 922, 944-45 (7th Cir. 1996)). Mr. Brown's allegations related to his § 1983 claim are deficient in two respects. First, his allegations of unequal treatment are made generally against all defendants, failing to alleged the "element of personal involvement necessary for individual liability under § 1983." *Id.* Second, while Mr. Brown generally alleges that sexual discrimination complaints made by women were "resolved appropriately," he does not identify any similarly-situated women who made such complaints, nor does he allege facts indicating that he was treated differently. *See, e.g., Farrar v. Yamin*, 261 F. Supp. 2d 987, 992-93 (N.D. Ill. 2003) (Castillo, J.) (conclusory allegations that defendants must be acting with discriminatory purpose not sufficient). Allegations that Mr. Brown's complaints of sexual harassment were not resolved to his liking do not suffice to state an equal protection claim. I grant the motion to dismiss with respect to Mr. Brown's equal protection claim.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 20, 2004

7